IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CA, INC., COMPUTER ASSOCIATES   :
THINK, INC., PLATINUM
TECHNOLOGY INTERNATIONAL,      :
INC., and PLATINUM TECHNOLOGY IP,
INC.,                                           :

                *Plaintiffs*,       :       Civil Action No.: 07-CV-1476 (ADS) (MLO)

                    v.              :

ROCKET SOFTWARE, INC.,
                             :

               *Defendant*.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S EXPERT WITNESS FROM RELYING ON OR TESTIFYING ABOUT CERTAIN DOCUMENTS AT TRIAL**

                                     Scott G. Lindvall
                                     KAYE SCHOLER LLP
                                     425 Park Avenue
                                     New York, New York  10022-3598
                                     Tel:  (212) 836-8000
                                     Fax:  (212) 836-8689

                                     David B. Tulchin
                                     SULLIVAN & CROMWELL LLP
                                     125 Broad Street
                                     New York, New York  10004-2498
                                     Tel:  (212) 558-4000
                                     Fax:  (212) 558-3588

                                   Counsel for Plaintiffs CA, Inc.,
                                   Computer Associates Think, Inc.,
                                   Platinum Technology International, Inc.,
                                   and Platinum Technology IP, Inc.

January 30, 2009

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CA, INC., COMPUTER ASSOCIATES       :
THINK, INC., PLATINUM
TECHNOLOGY INTERNATIONAL,           :
INC., and PLATINUM TECHNOLOGY IP,
INC.,                                :

              *Plaintiffs*,     :   Civil Action No.: 07-CV-1476 (ADS) (MLO)

                v.              :

ROCKET SOFTWARE, INC.,               :

             *Defendant*.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO
PRECLUDE DEFENDANT'S EXPERT WITNESS FROM RELYING ON OR
<u>TESTIFYING ABOUT CERTAIN DOCUMENTS AT TRIAL</u>**

Plaintiffs CA, Inc., Computer Associates Think, Inc., Platinum Technology International, Inc. and Platinum Technology IP, Inc. ("plaintiffs" or "CA") submit this memorandum in support of their motion *in limine* to preclude defendant Rocket Software, Inc.'s ("defendant" or "Rocket") expert witness from relying on or testifying about certain documents at trial.

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

   Klausner's Report Is Replete with Unsubstantiated Opinion .......................................2

   Technical Manuals .......................................................................................................3

   Source Code .................................................................................................................4

   United States Patents ...................................................................................................5

ARGUMENT .................................................................................................................................6

   I.     MR. KLAUSNER FAILED TO MEET HIS OBLIGATION
          UNDER RULE 26 TO DISCLOSE THE BASIS OF HIS OPINIONS...................6

   II.    THE COURT SHOULD PRECLUDE THE USE OF THIS
          INFORMATION UNDER RULE 37 TO AVOID SURPRISE AT TRIAL ...........7

CONCLUSION ..............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Giladi v. Strauch*,
  No. 94 Civ. 3976, 2007 WL 415365 (S.D.N.Y. Feb. 6, 2007) ...................................................6

*Great White Bear, LLC v. Mervyns, LLC*,
  06 Civ. 13358, 2008 U.S. Dist. LEXIS 41977 (S.D.N.Y. May 27, 2008) .........................6, 7, 8

*LaMarca v. United States*,
  31 F. Supp. 2d 110 (E.D.N.Y. 1998) ........................................................................................8

*Lava Trading Inc. v. Hartford Fire Ins. Co.*,
  No. 03 Civ. 7037, 2005 WL 4684238 (S.D.N.Y. Apr. 11, 2005) ...............................................6

*Patterson v. Balsamico*,
  440 F.3d 104 (2d Cir. 2006) ......................................................................................................7

*Reed v. Binder*,
  165 F.R.D. 424 (D.N.J. 1996) ...................................................................................................6

*Salgado v. Gen. Motors Corp.*,
  150 F.3d 735 (7th Cir. 1998) .....................................................................................................6

### STATUTES

Fed. R. Civ. P. Rule 26 ...................................................................................................1, 6, 7, 8

Fed. R. Civ. P. Rule 37 ..............................................................................................................7

**PRELIMINARY STATEMENT**

This memorandum is submitted in support of plaintiffs' motion to preclude Rocket's technical expert witness, Mr. David Klausner, from introducing and/or relying upon documents that he has failed to identify adequately in his expert report.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure mandates that, in addition to providing a complete statement of all opinions to be offered at trial by an expert, an expert report must also include the basis for those opinions. In direct contravention to this rule, Mr. Klausner submitted an expert report that fails to identify the bases for many of his conclusory opinions.

In his expert report, Mr. Klausner opines that CA's copyrighted computer source code at issue in this litigation is not protectable under copyright law because, in his view, it includes source code that contains, or is derived from, publicly available materials.  In an apparent attempt to show that there is support for his opinions, Klausner utilizes 50 footnotes to cite to 64 documents totaling 7,335 pages of highly technical data and information.  In many instances, however, Klausner fails to describe the relevance of the footnoted documents to his opinions and the location within the footnoted documents of any information which purportedly supports his opinions.  Instead, Klausner merely identifies one or more documents generally by title and citation, leaving it to plaintiffs and their experts to guess why he has relied on the document or what portion of each lengthy document forms the basis for any opinion.

Importantly, Mr. Klausner uses this "bury the needle in the haystack" strategy in almost every footnote used supposedly to support his opinions.  CA and its expert are now left to a guess as to what, of thousands of pages of highly technical documentation, Klausner is relying upon.  Klausner's failure to identify the bases of his opinions in this regard violates the Federal Rules of Civil Procedure and impairs CA's ability to cross-examine him.  The Court should

preclude Mr. Klausner from relying on or testifying about these documents at trial and should preclude Rocket from introducing them into evidence in support of Mr. Klausner's opinions.

Attached to the Declaration of Scott G. Lindvall, dated January 30, 2009, ("Lindvall Decl.") as Exhibit 1 is a table listing the documents Mr. Klausner should be precluded from relying on or testifying about at trial. Plaintiffs have not burdened the court with the entirety of the documents in this table, but will make them available at the Court's request.

## STATEMENT OF FACTS

**Klausner's Report Is Replete with Unsubstantiated Opinion**

Mr. Klausner submitted a 103 page expert report. (("Klausner Report"), Lindvall Decl., Ex. 2). Among the opinions offered by Klaunser in his report is that portions of CA's copyrighted source code at issue in this litigation, which relate to software for administering large databases of information, are not protectable under copyright law. (Lindvall Decl., Ex. 2, ¶¶ 34, 88, 96, 105, 123, 139, 147, 161, 174, 181, 191, 198, 206, 213, 219, 227, 242, 251, 252, 264, 271, 280, 292). Klausner further opines that various portions of CA's copyrighted source code were available in the public domain or were dictated by known source code or other external conventions. (*E.g.*, *id.*, Ex. 2, ¶¶ 162, 163, 164, 165, 175, 182, 192, 255, 265, 283). Klausner proffers these opinions based on his understanding that source code defined by extrinsic considerations, such as technical specifications, compatibility requirements, design standards and widely accepted programming practices within the computer industry, as well as source code already in the public domain, cannot be protected by copyright. (*Id.*, ¶21).

Klausner's conclusory opinions, presented with little or no reasoning, fail to specify the factual bases for his assertion that CA's source code is not protectable. In fact, Klaunser presents most of his opinions relating to whether CA's source code should be protected under copyright

law as nothing more than conclusions with little or no reasoning. He opines, for instance, that portions of CA code are not copyrightable because they contain "code that is very common . . ." (*Id*., ¶92) or have "numerous lines in the public domain [that] appear similar . . ." (*Id*., ¶162). At other times, he states that "IBM documents describe the concepts that appear in [CA's] source code" (*id*, ¶201) or that CA's source code incorporates certain concepts that are "widely known in the industry." (*Id*., ¶246). Frequently, he opines that the order of certain values in purportedly publicly known source code "appear[s] in the same order as the source code found" in CA's source code. (*Id*., ¶157).

Rather than offering factual support for these opinions or an explanation of his bases and reasoning, Klausner gives the reader only a general citation to one or more voluminous and complex technical documents without any specific identification of what in the document supports his opinion or even an explanation of <u>why</u> the document supports his conclusory opinion. Without explanation or pinpoint citations, the referenced documents disclose nothing to the reader as to the bases and rationale behind Klausner's opinions.

<u>Technical Manuals</u>

Certain of the materials cited in their entirety by Klausner are technical manuals that number hundreds of pages. For example, Klausner states that certain CA source code is described by "an IBM document titled <u>Messages and Codes</u>." (Lindvall Decl., Ex. 2, ¶170). This document - - which goes on for 1,082 pages and has no index - - is a technical manual describing hundreds of possible error codes or conditions that might be issued by the computer system. (*Id*., Ex. 3). Yet, Klausner fails to provide the reader with any hint (such as a pinpoint citation) as to where in this document there may be support for his conclusory opinion. (*Id*., Ex. 2, fn. 23). The burden is left to the reader to surmise why this document supports his opinion and to

31778631.DOC                                                     3

determine where the "extensively documented" information is located within the document. (*Id.*, ¶170).

In another example, Klausner opines in his expert report that a certain "widely-known and unprotectable concept" purported to be a part of CA's copyrighted code is not protectable. (Lindvall Decl., Ex. 2, ¶237). In support, he cites generally to a 204 page IBM technical programming manual called "IBM, z/OS DFSORT: Getting Started." (*Id.*, Ex. 2, fn. 38, Ex. 4). Yet, Klausner gives no pinpoint citation specifying where the supposedly "widely-known and unprotectable concept" is found in the document. Moreover, he gives no explanation at all as to how the "Getting Started" manual supports his opinion.

### Source Code

In addition to technical manuals, Klausner's failure to provide support for his opinions also extends to documents containing source code. Computer source code is a collection of human-readable instructions that define a computer program's operations. Certain of the documents cited by Klausner in support of his opinions contain hundreds, and in some instances thousands, of lines of computer source code. Here too, Klaunser offers little guidance.

For example, Klausner states in his report that certain CA source code appears "almost literally in a public dynamic allocation program titled <u>DDALOC</u>." (Lindvall Decl., Ex. 2, ¶143). Klausner then cites to two collections of source code that together contain over 1,000 lines of code, but does not specify where the "almost" literally copied source code can be found. (*Id.*, Ex. 1, fns. 7 and 8; *id.*, Ex. 5 and 6). Also, he fails to provide any comparison of the "almost" literally present source code to CA's copyrighted code, thus failing to provide a basis for his opinion as to why he believes the source code to be similar.

31778631.DOC                    4

United States Patents

Klaunser also cites to United States Patents in support of his opinions concerning CA's source code. Again, just as in the case of technical documentation and source code, Klausner provides no pinpoint citation or explanation as to the specific relevance of the patents and their content.

For example, Klausner opines that "obtaining information from the fields of the BSDS is widely-known in the industry" and cites generally to two U.S. Patents, presumably in support of the proposition. (Lindvall Decl., Ex. 2, ¶127, fn. 4). The first patent, to which he cites, U.S. Patent No. 5,430,871, contains 7,672 words and 8 drawings. (*Id*., Ex. 7). The second patent, U.S. Patent No. 5,995,980, includes 7,328 words and 7 drawings. (*Id*., Ex. 8). Klausner gives no indication as to where one might look in the patents to identify the support for his proposition, nor does he explain how that patent supports his subsequent opinion that a particular source code file is not copyrightable. (*Id*., Ex. 2, ¶139)

In another example, Klausner cites generally to U.S. Patent No. 6,088,355, which contains 24,000 words and 37 figures, in support of his opinion that "tables, headers and trailers, hash tables, addresses, and pointers" are not protectable. (Lindvall Decl., Ex. 2, ¶252, fn. 41, Ex. 9). In deposition, when asked why he did not include a pinpoint citation for this reference, Klausner flippantly remarked that "[y]ou can look at the abstract and figure 1." (*Id*., Ex. 9, 322:21-323:8). There is no reference to the Abstract of this patent or to Figure 1 in Klausner's report. Furthermore, Klausner's report does not explain how this document supports his opinions. In Klausner's view, the burden rests with the reader of his report to attempt to identify the significance, if any, of the citations and the relevant portion of each cited reference. Thus, according to Klausner, it is CA's burden to try to figure out the bases for Klausner's opinion or

how the reference supports his opinions. This is not the law and of course makes cross-examination difficult, if not impossible.

## ARGUMENT

I. **MR. KLAUSNER FAILED TO MEET HIS OBLIGATION UNDER RULE 26 TO DISCLOSE THE BASIS OF HIS OPINIONS**

Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure requires that an expert report include "a complete statement of all opinions the [expert] witness will express ***and the basis and reasons for them***." (emphasis added.) The notes of the Advisory Committee on the 1993 amendments to Rule 26 state that the rule is intended to avoid "sketchy and vague" disclosures of information by an expert witness and requires instead a "detailed and complete written report" setting forth the "substance of the direct examination" of the expert witness at trial. Fed. R. Civ. P. 26 Notes of Advisory Committee on 1993 Amendments to Rules; *Great White Bear, LLC v. Mervyns, LLC*, 06 Civ. 13358, 2008 U.S. Dist. LEXIS 41977, at *4-5 (S.D.N.Y. May 27, 2008) *citing Giladi v. Strauch*, No. 94 Civ. 3976, 2007 WL 415365, at *7 (S.D.N.Y. Feb. 6, 2007). To meet this threshold, the report must disclose the underlying conclusions on which the expert's opinion is based and the "'how' and 'why' the expert reached those conclusions." *Great White Bear*, 2008 U.S. Dist. LEXIS 41977 at *5 *citing Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) (citing *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)); *Giladi*, 2007 WL 415365, at *7; *Lava Trading Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ. 7037, 2005 WL 4684238, at *7 (S.D.N.Y. Apr. 11, 2005) (report must contain the "essential details needed to understand and assess" the expert's conclusions).

As discussed above, Klausner's reference to thousands of pages of highly technical documentation in support of many of his opinions relating to CA's source code without explaining the "how and why" clearly violates the disclosure obligations imposed by Rule 26.

By failing to provide pinpoint citations and an explanation as to the relevance of these documents, Klausner is essentially hiding the substance of his direct examination on these matters. The "how and why" concerning his opinions that CA's source code should not be protected under copyright law remains a mystery to CA. Without the reasoning underlying Klausner's opinions and conclusions, CA is faced with the exact situation that Rule 26 seeks to avoid, ambush at trial. Klausner's failure to provide the support for or bases of his opinions make it difficult, if not, impossible to conduct any cross-examination.

## II. THE COURT SHOULD PRECLUDE THE USE OF THIS INFORMATION UNDER RULE 37 TO AVOID SURPRISE AT TRIAL

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that a party who fails to provide information "as required by Rule 26(a) . . . is not allowed to use that information . . . at trial." The rule "provide[s] an incentive for full disclosure: namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Fed. R. Civ. P. 26 Notes of Advisory Committee on 1993 Amendments to Rules.

The Second Circuit has held that preclusion is a discretionary remedy and that a trial court should consider the following factors when deciding whether to impose sanctions for failure to abide by Rule 26's disclosure obligations: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet new testimony; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Great White Bear*, 2008 U.S. Dist. LEXIS 41977 at *15. Each of these four factors weighs in favor of CA and in favor of precluding Klausner from testifying about the documents in question.

First, neither Klausner nor Rocket has given any explanation for the failure to identify precisely the basis of Klausner's opinions. Indeed, no reasonable explanation is possible. Klausner has submitted expert reports in copyright and trade secret cases in the past and is fully aware of his obligation to provide the bases for his opinions. (Lindvall Decl., Ex. 11). Moreover, in deposition, Klausner never stated that he did not have sufficient time to complete his report. In accordance with Magistrate Judge Orenstein's Scheduling Order, Rocket and Klausner had a full 30 days to prepare an expert report in response to Dr. Goldberg's report. (*Id.*, Ex. 12). This time period was known to Rocket and if Rocket thought it could not meet that deadline by providing an expert report in compliance with the requirements of Rule 26, it should have so advised the Court and sought additional time. Rocket did not do so.

Turning to the second factor, the importance of these documents to Rocket can hardly be considered significant given the lack of discussion about them in his expert report. Surely, if any of the documents did indeed show that CA's copyrighted source code was in, or derived from, the public domain, Mr. Klausner presumably would have highlighted and explained that fact ***in the text of his report***, rather than relegate it to a footnote with an unspecified reference to a lengthy document.

As to the third factor, the prejudice CA would suffer if Klausner were permitted to rely on these documents at trial is great. As discussed above, the purpose of the Rule 26 requirement of an expert report is to provide disclosure of an expert's opinions and bases for those opinions. Fed. R. Civ. P. Rule 26(a)(2)(B)(i); *Great White Bear*, 2008 U.S. Dist. LEXIS 41977 at *4-5. Such mandated disclosure ensures that a party is apprised ***before trial*** of the expert's opinions and bases thereof so that a party can adequately prepare cross-examination. *LaMarca v. United States*, 31 F. Supp. 2d 110, 122-23 (E.D.N.Y. 1998). Klausner's "hide the ball" strategy violates

the Federal Rules, and consequently, seriously impedes CA's ability to cross-examine Klausner because CA does not know what he might possibly say or rely upon at trial to support his opinions.

Finally, as fact and expert discovery closed long ago, and a trial date has been set, continuance would unfairly work to Rocket's advantage by delaying trial and giving Klaunser an opportunity to do now what he should have done long ago.

The Federal Rules are meant to avoid surprise at trial. As it stands now, CA does not know what Klausner will say at trial and does not know what information he will reference to support his opinion testimony concerning the copyrightability of CA's source code. Klausner's purposefully vague citation to numerous lengthy documents is nothing more than an attempt to "hide the ball." The Federal Rules do not permit such gamesmanship and Rocket should not be allowed to benefit by its actions.

## CONCLUSION

For the foregoing reasons, Mr. Klausner should be precluded from relying on or testifying about the documents identified above, including all of the documents identified in Exhibit 1 to the Declaration of Scott G. Lindvall.

Dated: January 30, 2009  
New York, New York

Respectfully submitted,

/s/ Scott G. Lindvall  
Scott G. Lindvall  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, New York 10022-3598  
Tel: (212) 836-8000  
Fax: (212) 836-8689

/s/ David B. Tulchin  
David B. Tulchin  
SULLIVAN & CROMWELL LLP  
125 Broad Street

New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

Counsel for Plaintiffs CA, Inc.,
Computer Associates Think, Inc., Platinum
Technology International, Inc., and Platinum
Technology IP, Inc.