UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CA, INC., COMPUTER ASSOCIATES
THINK, INC., PLATINUM TECHNOLOGY
INTERNATIONAL, INC. and PLATINUM
TECHNOLOGY IP, INC.

      Plaintiffs,  : Civil Action No.
             07-CV-1476 (ADS)(MLO)
  v.           :

ROCKET SOFTWARE, INC.    :

      Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Rocket's Motion <u>In Limine</u> For An Order That Apportionment Is The
Appropriate Method To Calculate Damages Under This Court's Decision In *CA v. Altai***

**PLEASE TAKE NOTICE THAT** on a date to be specified by the Court, Rocket, by and through its undersigned counsel, shall move in the United States District Court for the Eastern District of New York, before the Honorable Arthur D. Spatt, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, for an Order that apportionment is the appropriate method to calculate damages under this District Court's decision in <u>CA v. Altai</u>. In summary, these four reasons justify relief:

1. This Court in <u>CA v. Altai</u> (E.D.N.Y. 1991) held that a copyright-infringement plaintiff may seek only those damages which are causally related to the infringing conduct, and may <u>not</u> seek damages on the "<u>but-for</u>" theory that all of the alleged infringer's profits on the allegedly infringing product are attributable to the purported infringement.

2. Similarly, for a trade secret claim, there must also be a causal relationship between the misappropriation and a calculation of lost profits.

3. Here, CA <u>does</u> <u>not</u> challenge more than <u>99%</u> of the source code in Rocket's products at issue.

1

4. Any damages in this case must be calculated on an apportionment approach, as in <u>Altai</u>, and CA cannot attempt -- through experts or otherwise -- to recover damages based upon the theory that Rocket's profit in connection with the software at issue is entirely attributable to the alleged infringement.

**PLEASE TAKE FURTHER NOTICE** that in support hereof, Rocket shall rely on the accompanying Memorandum of Law and Declaration of P. Anthony Sammi.

WHEREFORE, Rocket respectfully requests that this Court grant its motion.

Dated: February 2, 2009　　　　　　　　　Respectfully submitted,
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ P. Anthony Sammi
　　　　　　　　　　　　　　　　　　　　Thomas J. Dougherty
　　　　　　　　　　　　　　　　　　　　Edward V. Filardi
　　　　　　　　　　　　　　　　　　　　P. Anthony Sammi
　　　　　　　　　　　　　　　　　　　　Christopher A. Lisy
　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　　　　(212) 735-3000
　　　　　　　　　　　　　　　　　　　　psammi@skadden.com
　　　　　　　　　　　　　　　　　　　　　 -- and --
　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　　(617) 573-4800

　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　Rocket Software, Inc.

**CERTIFICATE OF SERVICE**

    I, P. Anthony Sammi, hereby certify that on February 2, 2009, I caused a true and correct copy of the foregoing document to be served upon the following counsel for plaintiffs by the means of service so indicated:

| | |
|---|---|
| Scott G. Lindvall | By ECF and Hand Delivery |
| Robert Laurenzi | By ECF |
| Paul Margulies | By ECF |
| KAYE SCHOLER LLP | |
| 425 Park Avenue | |
| New York, New York 10022 | |
| | |
| David B. Tulchin | By ECF and Hand Delivery |
| Jordan T. Razza | By ECF |
| Matthew J. Porpora | By ECF |
| SULLIVAN & CROMWELL LLP | |
| 125 Broad Street | |
| New York, New York 10004 | |
| | |
| Gary R. Brown | By ECF |
| CA, INC. | |
| One CA Plaza | |
| Islandia, New York 11749 | |

Dated: February 2, 2009            /s/ P. Anthony Sammi
                     P. Anthony Sammi