UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CA, INC., COMPUTER ASSOCIATES
THINK, INC., PLATINUM TECHNOLOGY       :
INTERNATIONAL, INC. and PLATINUM
TECHNOLOGY IP, INC.,                    :

                    Plaintiffs,       :       Civil Action No.
                                         07-CV-1476 (ADS) (MLO)

         v.                   :

ROCKET SOFTWARE, INC.,                  :       **PUBLIC VERSION --**
                                        **<u>MATERIAL REDACTED</u>**

                    Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### Rocket's Memorandum Of Law In Opposition To CA's Motion In Limine To Preclude Defendant's Expert Witness From Relying On Or Testifying About Certain Documents At Trial Because <u>Mr. Klausner Has Complied With All Rule 26(a)(2)(B) Requirements</u>

CA's motion should be denied because:

1. Mr. Klausner's expert report is lengthy, detailed, extensively sourced and provides more than adequate notice as to the bases for his opinions.

2. CA had ample opportunity during Mr. Klausner's day-long deposition to probe the bases for Mr. Klausner's opinions.

3. CA has failed to set forth any authority requiring Mr. Klausner to cite each reference in his expert report by page number.

4. This Court has already considered Mr. Klausner's opinions concerning the <u>Altai</u> test in denying CA's motion for preliminary injunction.  Mr. Klausner's forthcoming testimony will be equally credible.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    MR. KLAUSNER'S LENGTHY AND DETAILED EXPERT REPORT
        PROVIDES MORE THAN ADEQUATE NOTICE OF HIS OPINIONS ............. 3

    II.   CA CANNOT CLAIM "PREJUDICE" AFTER
        FAILING TO ACT FOR MORE THAN FIVE MONTHS ................................. 6

    III.  CA HAS FAILED TO CITE ANY AUTHORITY REQUIRING
        THAT EXPERTS CITE PAGE NUMBERS EXPERT REPORTS ..................... 7

CONCLUSION ......................................................................................................... 9

## PRELIMINARY STATEMENT

CA seeks an order precluding Rocket's expert David Klausner from relying on certain documentation supporting his expert report, which CA has had in its possession since August 29, 2008 -- five months ago.  CA claims -- without authority -- that Mr. Klausner breached some obligation to cite each page number in the citations to the documents forming the basis for his report.  CA's motion comes on the eve of trial, seeking to strike references to documents and opinions important to Rocket's defenses, of which CA has been on notice for at least five months.  CA's motion should be denied.

First, an expert report need only provide adequate notice as to the opinions to be proffered and the bases and reasons for those opinions.  Mr. Klausner's report clearly sets forth why each reference cited therein supports his opinions, and has more than satisfied the notice standard.  Moreover, CA has had Mr. Klausner's report for over five months, so cannot now claim any "ambush" or "surprise."

Second, CA cannot claim that it has been prejudiced in any way, since it has had ample opportunity to probe the bases for Mr. Klausner's opinions in the more than five months it has possessed Mr. Klausner's report.  Yet CA did not pursue the issue at Mr. Klausner's September 29 deposition, did not seek any amendment to the report from Rocket and did not seek any relief from the Court.

Third, CA has failed to set forth any authority standing for the proposition that an expert must cite each page of the documents referenced in his expert report.

Rocket notes that this Court is already familiar with Mr. Klausner's opinions and analytical methods, having relied on Mr. Klausner's Altai analysis in denying CA's motion for preliminary injunction:

> [T]he plaintiffs fail to sufficiently address the Altai factors or the defendant's contentions, supported by the declaration of Rocket's expert, David Klausner, that the lines of code at issue are unprotectable. On the present record, the Court could not find cognizable infringement.

(Docket No. 111 at 17-18.)

Accordingly, CA's motion should be denied in all respects.

## ARGUMENT

Fed. R. Civ. P. 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." The purpose of the rule is to provide opposing parties a "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See Cary Oil Co., Inc. v. MG Ref. & Mktg., Inc., No. 99 Civ. 1725 (VM), 2003 WL 1878246, at *4 (S.D.N.Y. Apr. 11, 2003) (denying motion in limine to exclude expert from testifying on matters not included in expert report) (citing Rule 26(a)(2)(B) Advisory Committee Notes (1993 Amendments) at 152 (West 2003)). This rule is

> not designed to prohibit a witness from testifying about anything not explicitly mentioned in his Rule 26 disclosure, but rather to protect one party from being blindsided by another party with new opinions never before discussed.

Id. (emphasis added). Since preclusion is a "drastic remedy," courts may deny preclusion even if there is prejudice to the opposing party. See Lorme v. Delta Air Lines, Inc., 251 Fed. Appx. 691, 692 (2d Cir. 2007) (denying motion for retrial because court admitted expert testimony, finding that "even if [expert's] testimony had been outside of the Report, and in violation of Rule 26, the testimony did not warrant preclusion") (citations omitted).

I.   **MR. KLAUSNER'S LENGTHY AND DETAILED EXPERT REPORT**
    **PROVIDES MORE THAN ADEQUATE NOTICE OF HIS OPINIONS**

In his 103-page report, Mr. Klausner sets forth in detail his opinions concerning the portions of CA's source code that are not protectable by copyright.  (See Expert Report of David Klausner ("Klausner Report"), attached as Exhibit 2 to the Declaration of Scott G. Lindval accompanying CA's Motion.)  Mr. Klausner's report clearly references the documentary and other bases for his opinions and more than satisfies the requirement that an expert report provide notice to an opposing party.  See Cary Oil, 2003 WL 1878246, at *5; DiPirro v. U.S., 43 F. Supp. 2d 327, 341 (W.D.N.Y. 1999) (denying motion to strike testimony going beyond the scope of expert report, holding "I find that the information provided in Dr. Roehmholdt's report was sufficient to put plaintiffs on notice as to the substance of the opinion testimony she offered at trial") (emphasis added).

CA contends that three categories of documents referenced in Mr. Klausner's report -- technical manuals, source code and U.S. patents -- "disclose nothing to the reader as to the bases and rationale behind Klausner's opinions."  (See CA's Memorandum of Law "CA's Mem.") at 3.)  CA's contention is meritless:  Mr. Klausner's report provides far more than the notice required under Rule 26(a)(2)(B).  His report directly cites each of the references he reviewed and relied upon in forming his opinions, and also lists all other references that he considered.  (See Klausner Report, Ex. 2.)  Moreover, his report clearly states his bases for relying on those sources.

**Mr. Klausner's Report Sufficiently Explains References To Technical Manuals**

CA seeks to preclude Mr. Klausner's use of certain technical manuals used in the computer industry to determine whether source code is protectable.  (CA's Mem. at 3.)  Mr. Klausner's discussion of these manuals is important for Rocket, since these manuals show that, in

a number of cases, CA's source code is either available in the public domain, widely known or otherwise not protectable under copyright law.  One example is IBM's manual, <u>Messages and Codes</u>.  (<u>See</u>  Klausner Report, fn. 23.)  Mr. Klausner explains that  **REDACTED**

**REDACTED**

(Klausner Report, ¶ 170.)  Likewise, Mr. Klausner  **REDACTED**

**REDACTED**

(Klausner Report, ¶ 237.)

CA has no basis for claiming that Mr. Klausner has not provided notice as to how it will rely on these manuals.

**<u>Mr. Klausner's Report Sufficiently Explains References To Source Code</u>**

CA also seeks to preclude Mr. Klausner from relying upon certain source code in forming his opinions as to whether CA's source code is protectable.  (CA's Mem. at 4.)  For example, Mr. Klausner cites to a dynamic allocation program in the public domain titled <u>DDALOC</u>, which is an almost literal match to  **REDACTED**

**REDACTED**

4

**REDACTED**

(Klausner Report, ¶ 143.)

        Again, CA has adequate notice of how Mr. Klausner based his opinion on the referenced source code.

### Mr. Klausner's Report Sufficiently Explains References To U.S. Patents

        CA also claims that Mr. Klausner should not be permitted to rely on three U.S. patents to show that certain source code and methodologies for creating source code are widely-known in the industry.  (CA's Mem. at 5.)  For example,  Mr. Klausner      **REDACTED**

**REDACTED**

(Klausner Report, ¶ 127 (citing to U.S. Patent Nos. 5.430,871 and 5,995,980).)

        Far from disclosing "nothing to the reader" concerning Mr. Klausner's rationale, Mr. Klausner's expert report provides clear explanations as to why each reference supports his conclusions.  See Vollmert v. Wisc. Dep't. of Transp., 197 F.3d 293, 301 (7th Cir. 1999) (reversing summary judgment for defendant where defendant asserted that the plaintiff's expert provided "a mountain of facts on one side and the conclusion on the other, and gave no roadmap as to how he got there," finding that an expert report "need not be a 'primer' on why the facts allow the expert to reach [his] conclusion").

Moreover, CA has been on notice of Mr. Klausner's opinions and the bases behind those opinions for many months, which further warrants denial of CA's motion. In <u>Cary Oil</u>, the defendants moved <u>in limine</u> to preclude plaintiff's expert from testifying as to matters not discussed in his expert report. The court denied the motion, finding that

> [e]ven if one were to assume that such opinions were sufficiently different or new, Defendants are now <u>on notice</u> about these opinions <u>more than a month before trial</u> and thus have ample time to prepare effective cross examination and consider possible witnesses to counter such discussions, which renders the failure to disclose such opinions harmless.

<u>Id.</u> at *5 (emphasis added). Unlike in <u>Cary Oil</u>, the testimony CA seeks to preclude <u>is</u> discussed and explained in Mr. Klausner's expert report -- and CA has been on notice of this testimony for over <u>five</u> <u>months</u>. CA has no basis for claiming surprise. <u>See id.</u> at *4 (Rule 26(a)(2)(B) is intended to "prevent surprise testimony . . . .").

## II.    CA CANNOT CLAIM "PREJUDICE" AFTER FAILING TO ACT FOR MORE THAN FIVE MONTHS

CA received Mr. Klausner's report over <u>five</u> <u>months</u> ago on August 29, 2008, and deposed him over <u>four</u> <u>months</u> ago on September 29, 2008. Only now, on the eve of trial, does CA seek to preclude Mr. Klausner from relying on the documentation on which he bases his opinions. Preclusion of expert testimony is inappropriate where the party seeking preclusion has had an opportunity to clarify purported "conclusory statements" through both discovery and seeking timely relief from the court, but failed to do so. See <u>Atkins v. County of Orange</u>, 372 F. Supp. 2d 377, 396-97 (S.D.N.Y. 2005).

In <u>Atkins</u>, defendants moved to preclude the testimony of plaintiffs' expert on the grounds that the expert's report contained "only conclusory statements . . . without any basis for [the expert's] conclusions." <u>Id.</u> at 396. The court denied preclusion, finding that <u>even</u> <u>though</u> the expert report was deficient, defendants "never made any objections nor did they request that the

6

report be supplemented." Id. at 397.  The court noted that defendants had had ample time to object to the report, yet waited until "a few months before trial" to seek preclusion.  Here, CA seeks to preclude Rocket from introducing evidence important to its case -- and unlike the report in Atkins, compliant with Rule 26(a)(2)(B) -- just days before trial, although it has possessed Mr. Klausner's report for over five months.  Id.

The court in Atkins also based its decision on that fact that the defendants would be afforded the opportunity to take the expert's deposition and could thereby question the expert on the purportedly "conclusory" opinions.  Id.  Here, CA did take Mr. Klausner's deposition, yet did not ask Mr. Klausner to specifically refer CA to each of the citation pages CA now claims should have been identified.   See Exo-Pro, Inc. v. Seirus Innovative Accessories, Inc., No. CV 05-3629(LDW)(AKT), 2008 WL 4878513, at *4 (E.D.N.Y. Feb. 19, 2008) (denying preclusion in trade dress action, holding that "any prejudice that Defendant has suffered as a result of Exo-Pro's delay in serving Dr. Grayson's expert report is partially attributable to Defendant's lack of action in objecting (prior to the instant motion) to such delay, despite its awareness of missed deadlines and having had opportunities to object").

CA's motion should be denied on this basis alone.

## III.   CA HAS FAILED TO CITE ANY AUTHORITY REQUIRING THAT EXPERTS CITE PAGE NUMBERS IN EXPERT REPORTS

CA would have this Court go beyond the requirements of Rule 26 and require that the expert reports submitted in this case cite each and every reference by page number (and in some cases by line number).  That is not the law, and that is not what the cases cited in CA's motion hold.

In Great White Bear, No. 06 Civ. 13358 (RMB)(FM), 2008 WL 2220662, at *3 (S.D.N.Y. May 27, 2008) (see CA's Mem. at 6-8), the court ordered preclusion where plaintiff's

damages expert failed to "supply any calculation" tying the damages numbers he asserted to any documentation "or even state what data or other information [he] considered in arriving at his figures." These blatant deficiencies are not present here. The court also found that -- unlike here -- the expert's analysis was not important to plaintiff's case, because plaintiffs could obtain adequate damages testimony from fact witnesses. Id. at *6.

The expert in Lava Trading Inc. v. Hartford Fire Ins. Co., No. 03 Civ. 7037, 2005 WL 4684238, at *7 (S.D.N.Y. Apr. 11, 2005) (see CA's Mem. at 6), likewise engaged in egregious conduct not present here. In Lava Trading, the court found that plaintiff's damages expert's report failed to identify:

> (1) the specific facts or factual assumptions on which [the expert] relied to generate his opinions or (2) the methodology that he used (other than in the most general and unhelpful terms) or (3) his actual calculation of the losses or (4) the basis for the dramatic alteration of his loss numbers from the first to the second report. In short, the report-in all its manifestations and supplementations-did not disclose any of the essential details needed to understand and assess [the expert's] conclusions.

See also Lamarca v. U.S., 31 F. Supp. 2d 110, 122 (E.D.N.Y. 1998) (see CA's Mem. at 8) (striking portion of medical expert's trial testimony concerning cause of plaintiff's hip fracture, where expert gave no notice that he had any opinion as to the cause of the injury).

In Giladi v. Strauch, No. 94 Civ. 3976, 2007 WL 415365, at *8 (S.D.N.Y. Feb. 6, 2007) (see CA's Mem. at 6), the court denied plaintiff's motion in limine to preclude defendant's expert from testifying, finding that the defendant's expert report "complies with the requirements of Fed. R. Civ. P. 26(a)(2)" because it "identifies the twenty-five records and data sources he reviewed and relied upon in forming his opinions." (emphasis added). Here too, Mr. Klausner's report identifies and references each of the sources of his opinions.

**<u>CONCLUSION</u>**

For the foregoing reasons, CA's motion <u>in limine</u> should be denied.


Dated: February 3, 2009      Respectfully submitted,
   New York, New York

             /s/ P. Anthony Sammi
             Thomas J. Dougherty
             P. Anthony Sammi
             Christopher A. Lisy
             SKADDEN, ARPS, SLATE,
              MEAGHER & FLOM LLP
             Four Times Square
             New York, New York 10036
             (212) 735-3000
             psammi@skadden.com
             - and-
             One Beacon Street
             Boston, Massachusetts 02108
             (617) 573-4800

             Counsel for Defendant
             Rocket Software, Inc.

## <u>CERTIFICATE OF SERVICE</u>

   I, P. Anthony Sammi, hereby certify that on February 3, 2009, I caused a true and correct copy of the foregoing document to be served upon the following counsel for plaintiffs by the means of service so indicated:

| | |
|---|---|
| Scott G. Lindvall | By ECF and Hand Delivery |
| Robert Laurenzi | By ECF |
| Paul Margulies | By ECF |
| KAYE SCHOLER LLP | |
| 425 Park Avenue | |
| New York, New York 10022 | |
| | |
| David B. Tulchin | By ECF and Hand Delivery |
| Jordan T. Razza | By ECF |
| Matthew J. Porpora | By ECF |
| SULLIVAN & CROMWELL LLP | |
| 125 Broad Street | |
| New York, New York 10004 | |
| | |
| Gary R. Brown | By ECF |
| CA, INC. | |
| One CA Plaza | |
| Islandia, New York 11749 | |

Dated: February 3, 2009        /s/ P. Anthony Sammi
             P. Anthony Sammi